IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **NOEL AUGUSTINE, et al.,** | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 2:13-CV-06606-BMS |
| | : | |
| **COMMISSIONER CHARLES** | : | |
| **RAMSEY, et al.,** | : | **Jury Trial Demanded** |
| Defendants. | : | |

# O R D E R

**AND NOW**, this _____ day of _____, 2014, upon consideration of Defendants', Commissioner Charles Ramsey, Deputy Police Commissioner Kevin Bethel, Captain William Fisher, Police Officer Joseph Sposato, Police Officer Darryl Crawford, Police Officer Rhonda Smith, Detective Darrell Sampson, Police Officer Angel Ortiz, Police Officer Joseph Sisca and the City of Philadelphia (collectively, "Moving Defendants"), Motion to Dismiss, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**. It is further **ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice as to Moving Defendants.

                                                          **BY THE COURT:**

                                                          _____

                                                          J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL AUGUSTINE, et al., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 2:13-CV-06606-BMS |
| COMMISSIONER CHARLES RAMSEY, et al., | : | Jury Trial Demanded |
| Defendants. | : | |

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, Commissioner Charles Ramsey, Deputy Police Commissioner Kevin Bethel, Captain William Fisher, Police Officer Joseph Sposato, Police Officer Darryl Crawford, Police Officer Rhonda Smith, Detective Darrell Sampson, Police Officer Angel Ortiz, Police Officer Joseph Sisca and the City of Philadelphia (collectively, "Moving Defendants"), hereby move this Court to dismiss Plaintiffs' Complaint for failure to state a claim. In support of this Motion, Moving Defendants incorporate by reference and rely upon the Memorandum of Law filed herewith.

Respectfully submitted,

Dated: <u>March 6, 2014</u>

*/s/ Amanda C. Shoffel*
Amanda C. Shoffel
Deputy City Solicitor
Attorney I.D. No. 306956
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5443
(215) 683-5397 (Fax)
Amanda.shoffel@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOEL AUGUSTINE, et al., | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 2:13-CV-06606-BMS |
| COMMISSIONER CHARLES RAMSEY, et al., | Jury Trial Demanded |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.　INTRODUCTION**

Defendants submit the following brief in support of this motion to dismiss Plaintiffs' Complaint. The Plaintiffs' Complaint fails to comply with the joinder requirements of Federal Rule of Civil Procedure 20(a)(1) and pleading requirements of Federal Rule of Civil Procedure 8, and therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6).

The plaintiffs' attorney filed a Complaint on November 13, 2013, on behalf of numerous plaintiffs who were a part of the Occupy encampment on Dilworth Plaza in Philadelphia.[1] See e.g., Plaintiff's Complaint ¶26. The Complaint alleges constitutional violations on behalf of twenty six plaintiffs against nine City defendants. The Complaint fails to include any factual assertions regarding twenty four of the twenty six plaintiffs, fails to allege any personal involvement by the three supervisory defendants, and fails to allege any factual allegations as to

---

[1] Plaintiff is a group of individuals filing suit under one cause of action. The individuals are Noel Augustine, Michael Barankovich, Moshe Bitterman, Will Darwall, Gabrielle Dugan, Meggan Durst, Russel Ebright, Toorjo Ghose, Sean Goins, Alex Grosskurth, Kyle Hempe, Adam Hill, Emma Johnson, Dominick Kain, Timonthy Kyle, Daniel Ludwig, Collin Magness, Shawn McMonigle, Michawl Morrison, Benjamin Neate, Jason Russell, James Savage, Dustin Slaughter, Walter Smolarek, Gwen Snyder and Kevin Stutman.

3

the remaining six defendant officers. Rather, the Complaint devotes five pages to general assertions of the history of the First Amendment and roots of the national Occupy Movement.[2]

Dismissal of the plaintiffs' Complaint is appropriate for two reasons. First, because the Complaint was filed on behalf of twenty six plaintiffs, and it does not comply with the purpose of Federal Rule of Civil Procedure 20(a)(1). The court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay. George Blood & Srikanth Raghunathan v. Federal Bureau of Prisons, 2009 U.S. Dist LEXIS 34943, at *3 (M.D. Pa. April 24, 2009), quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1652 (3d ed. 2009). Such is the case here.

Second, Plaintiff's Complaint should be dismissed because it does not comport with the pleading requirements of Federal Rule of Civil Procedure 8, "which requires 'a short and plain statement of the claim,' and 'each allegation [to] be simple, concise and direct.'" Vurimindi v. Achek, No. 09-5976, 2010 U.S. Dist. LEXIS 89559, at *6 (E.D. Pa. Aug. 27, 2010) (quoting Simpson v. Coatesville, No. 10-0100, 2010 U.S. Dist. LEXIS 91000, at *1 (E.D. Pa. Jan. 12, 2010)).

For these reasons, Plaintiffs Complaint should be dismissed.

---

[2] See generally, Plaintiff's Complaint ¶ 1 (explaining the cornerstone of a constitutional democracy, the right to freedom of speech, the First Amendment's history related to the Revolutionary War, and the drafting of the First Amendment); see generally, Plaintiff's Complaint ¶ 3 (relating the Arab Spring movement to the Occupy encampments in major U.S. cities); ¶ 4 (providing a one page explanation of the Occupy Philadelphia movement, including its position on U.S. banking policies, corporate company structures, "fleecing" of the Philadelphia School District and alleged history of police brutality).

## II. LEGAL ARGUMENT

**A.** <u>Plaintiffs' Complaint Should Be Dismissed Because Permissive Joinder in this Case Will Result in Prejudice to Moving Defendants, Confusion of the Jury, and a Longer and More Costly Trial.</u>

There are twenty six plaintiffs identified in the Complaint: Noel Augustine, Michael Barankovich, Moshe Bitterman, Will Darwall, Gabrielle Dugan, Meggan Durst, Russel Ebright, Toorjo Ghose, Sean Goins, Alex Grosskurth, Kyle Hempe, Adam Hill, Emma Johnson, Dominick Kain, Timothy Kyle, Daniel Ludwig, Collin Magness, Shawn McMonigle, Michawl Morrison, Benjamin Neate, Jason Russell, James Savage, Dustin Slaughter, Walter Smolarek, Gwen Snyder and Kevin Stutman. In order for multiple plaintiffs to be named in a single Complaint, the plaintiffs must comply with Federal Rule of Civil Procedure 20(a)(1), which states:

> Permissive Joinder of Parties
>
> (a) Persons Who May Join or Be Joined.
> (1) *Plaintiffs.* Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to "promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." <u>George Blood & Srikanth Raghunathan v. Federal Bureau of Prisons</u>, Civil Action Number 09-0229, 2009 U.S. Dist. LEXIS 34943, at 3 (M.D. PA. April 24, 2009), quoting <u>Swan v. Ray</u>, 293 F.3d 1252, 1253 (11th Cir 2002). The court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay. <u>George Blood & Srikanth Raghunathan v. Federal Bureau of Prisons</u>, 2009 U.S. Dist LEXIS 34943, at 3 (M.D. Pa. April

24, 2009), quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1652 (3d ed. 2009). See also, Wilson v. Kerestes, Civil Action Number 10-1174, 2010 U.S. Dist LEXIS 124234, at 3, (M.D. Pa), referencing 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1652 (3d ed. 2009). Such is the case here.

Like the Court in Blood & Raghunathan, this Honorable Court should not allow the twenty six plaintiffs here to proceed together in one Complaint. First and most obviously, having the claims of all plaintiffs proceed at trial under one Complaint would be prejudicial to defendants based upon the weight of the evidence from twenty six separate plaintiffs. The trial will also be longer and involve defendants who may not have interacted with all twenty six of the plaintiffs, therefore, leading to confusion for the jury in determining individual liability for each police officer, as is required in civil rights cases.[3] Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988); Eppers v. Dragovich, 1996 U.S. Dist. LEXIS 10582 at *12-13 (E.D. Pa., July 24, 1996) (Newcomer, J.) (defendant in civil rights claim must have "personal involvement" in alleged wrongs). For example, the Complaint generally identifies separate instances in which each of the plaintiffs were handcuffed and taken into custody. See e.g., Plaintiff's Complaint ¶31. This will require testimony from officers that is relevant to the arrests of some plaintiffs, but not others. The additional testimony of Plaintiffs and officers will significantly lengthen the duration of the trial, and amount to propensity evidence against the Moving Defendants. It will be irrelevant at best; prejudicial at worst.

In addition to confusing and lengthening the issues of liability, the number of plaintiffs and defendants will also affect the issue of damages. The damages alleged by the various

---
[3] Moving Defendants include many officers of the Philadelphia Police Force, specifically, Commissioner Charles Ramsey, Deputy Police Commissioner Kevin Bethel, Captain William Fisher, Police Officer Joseph Sposato, Police Officer Darryl Crawford, Police Officer Rhonda Smith, Detective Darrell Sampson, Police Officer Angel Ortiz, and Police Officer Joseph Sisca.

6

individual plaintiffs will have different components. Some Plaintiffs will claim damages for physical injury, other plaintiffs for simply the "symbolic" violation of a constitutional right. This will lead to additional confusion for a jury in determining nominal, compensatory and punitive damages from individual officers. It will also require different testimony and witnesses, most significantly in the area of medical experts.

As the cases set forth above indicate, the District Court may bar multiple plaintiffs from proceeding under one Complaint when it will not foster the objective of Federal Rule of Civil Procedure 20 and will result in unnecessary cost, confusion, delay or prejudice. Due to the large number of plaintiffs, such is the case here and the Court is respectfully requested to dismiss the Complaint.

    **B.** <u>Plaintiffs' Complaint Should Be Dismissed Because It Fails Set Out A Short and Plain Statement of the Claims as Required By Rule 8.</u>

This short and plain statement must be of sufficient specificity to put the defendant on notice of the substance of the plaintiff's claims and the grounds upon which they rest.[4] <u>Sell v. Barner</u>, 586 F.Supp. 319, 321 (E.D.Pa. 1984). The Complaint "must allege sufficient facts and must state all the material elements for recovery under the relevant legal theory." <u>Collins v. Chichester School District</u>, WL 411205 (E.D.Pa. 1997). "Where a complaint relies on vague and conclusory allegations it does not provide 'fair notice' and will not survive a motion to dismiss." <u>Sell</u>, 586 F.Supp. 319, 321.

---

[4] Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Capogrosso v. Supreme Court of N.J.</u>, 588 F.3d 180, 184 (3d Cir. 2009) (alteration in original) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). Thus, a claim "must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." <u>Id.</u> "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u>

Here, Plaintiffs' Complaint fails to comport with the requirements of Rule 8 for the following reasons:

- It does not identify facts which support the allegations of twenty four of the twenty six Plaintiffs. The only Plaintiffs specifically referenced at all in the allegations of the Complaint are James Savage and T.J. Ghose. See, Plaintiff's Complaint ¶23.
- Three of the defendants, Commissioner Ramsey, Deputy Commissioner Bethel, and Captain Fisher, are only identified as supervisors who gave "orders" to the remaining named officers. Plaintiff's Complaint ¶ 30.
- The remaining six defendants, Officers Sposato, Crawford, Smith, Sampson, Ortiz and Sisca are identified as "parties" and are never mentioned again in the Complaint. There are no factual allegations against them. Plaintiff's Complaint ¶ 10-15.
- The first five pages of Plaintiffs' Complaint fail to identify facts specific to Plaintiffs, but detail the history of the First Amendment in the Revolutionary War, the "Arab Spring" in September 2011 in the Middle East, general protests in New York City, general protests in Philadelphia against predatory lending, "fleecing" of the Philadelphia School District, and the concentration of corporate power in Comcast, among other allegations. See generally, Plaintiff's Complaint ¶ 1-4.

Under Iqbal, a complaint must do more than allege the plaintiff's entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662 (2009). It has to "show" such an entitlement with its facts. As the Supreme Court instructed in Iqbal, **"[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct**, the complaint has alleged-but it

has not 'show[n]'—'that the pleader is entitled to relief.'"(emphasis added) Iqbal, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Here, the Complaint fails to allege facts which support the claims of twenty four of the twenty six plaintiffs. It simply refers to the identity of Plaintiff Savage and Ghose, and lumps the remaining twenty four plaintiffs together generally by the collective reference, "Plaintiffs." See generally, Plaintiff's Complaint ¶ 30-36.

More importantly, the Complaint fails to state facts giving rise to claims against the named defendants. The only officers identified by name in Plaintiffs' Complaint are supervisory officers who gave "orders" to arrest the Plaintiffs. The Complaint does not allege any personal involvement in the arrests by these high-ranking officials. As the Third Circuit held in Santiago v. Warminster, it is insufficient to simply state a supervisor "directed" a subordinate officer to violate a constitutional right. Santiago v. Warminster Tp., 629 F.3d 121, 134 (3d Cir. 2010).

The Complaint also fails to allege facts against the remaining six defendants, Officers Sposato, Crawford, Smith, Sampson, Ortiz and Sisca. These officers are simply identified as "parties" and are never mentioned again in the Complaint. They are referred to collectively as, "Defendant police officers, [both] named and yet identified." Plaintiff's Complaint ¶ 29. State actors cannot be held vicariously liable under § 1983 for the actions of other state actors. See Parratt v. Taylor, 451 U.S. 527, 537 n.1 (1981); see also Eppers v. Dragovich, supra. Without any factual allegations against the individual officers, these claims fail to comply with the requirements of Iqbal that Plaintiffs plausibly state a claim.

Finally, the vague, conclusory allegations of the first five pages of the Complaint warrant dismissal. They fail to identify facts specific to Plaintiffs, but rather give a historical/political

perspective of the First Amendment and Occupy Movement. These are conclusions of law which must be disregarded. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to such conclusions. Iqbal, 129 S.Ct. at 1949. For all the aforementioned reasons, Plaintiffs Complaint should be dismissed.

**III.     CONCLUSION**

The Plaintiffs' Complaint fails to comply with the joinder requirements of Federal Rule of Civil Procedure 20(a)(1) and pleading requirements of Federal Rule of Civil Procedure 8, and therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted,


Dated: March 6, 2014                     */s/ Amanda C. Shoffel*
                                         Amanda C. Shoffel
                                         Deputy City Solicitor
                                         Attorney I.D. No. 306956
                                         City of Philadelphia Law Department
                                         1515 Arch Street, 14th Floor
                                         Philadelphia, PA 19102
                                         (215) 683-5443
                                         (215) 683-5397 (Fax)
                                         Amanda.shoffel@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| NOEL AUGUSTINE, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 2:13-CV-06606-BMS |
| | : | |
| COMMISSIONER CHARLES | : | |
| RAMSEY, et al., | : | Jury Trial Demanded |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Amanda C. Shoffel, Attorney for Defendants in the above-captioned matter, certify that a true and correct copy of the foregoing Defendants Motion to Dismiss was uploaded to the Court's electronic filing system and thus served upon all parties of record:

> **Krasner, Hughes & Long, LLC**
> Lawrence Krasner, Esq.
> Lloyd Long III, Esq.
> 1221 Locust Street, Suite 301
> Philadelphia, PA 19107

                                Respectfully submitted,


Dated: March 6, 2014            */s/ Amanda C. Shoffel*
                                Amanda C. Shoffel
                                Deputy City Solicitor
                                Attorney I.D. No. 306956
                                City of Philadelphia Law Department
                                1515 Arch Street, 14th Floor
                                Philadelphia, PA 19102
                                (215) 683-5443
                                (215) 683-5397 (Fax)
                                Amanda.shoffel@phila.gov