IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL AUGUSTINE et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHARLES RAMSEY et al., | : | No. 13-6606 |
| Defendants. | : | |

**MEMORANDUM**

Schiller, J.                                                                                                            May 20, 2014

Twenty-six individuals involved in the Occupy Philadelphia movement sued nine named Philadelphia police officers and the City of Philadelphia, claiming that Plaintiffs' arrests during a protest violated their rights under the First and Fourth Amendments and under state law. Defendants move to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court held oral argument on the motion on April 15, 2014. For the following reasons, the Court grants Defendants' motion with respect to Plaintiffs' claims of excessive force and unreasonable search and denies Defendants' motion with respect to Plaintiffs' other claims.

### I.     BACKGROUND

Occupy Philadelphia, an association of protesters, gathered on or about October 6, 2011 outside City Hall in Philadelphia to protest economic inequality. (Compl. ¶ 18.) Over the course of seven weeks, these protestors demonstrated outside City Hall's Dilworth Plaza and marched throughout the city. (*Id.*) Philadelphia police officers, assisted by various federal agencies, shadowed and surveilled the protestors. (*Id.*)

On November 27, 2011, Philadelphia Mayor Michael Nutter and Police Commissioner Charles Ramsey issued an order evicting the protestors from Dilworth Plaza. (*Id*. ¶ 19.) Defendants then planned the removal of the protestors, including Plaintiffs, from Dilworth Plaza. (*Id*.) During the evening of November 29, 2011, Commissioner Ramsey, Deputy Police Commissioner Kevin Bethel, and Captain William Fisher ("Supervisor Defendants"), Deputy Chief Inspector John Doe, and Deputy Commissioner John Doe decided to arrest the protestors "based solely upon the anticipated march or marches that followed the forced removal of the Occupy Philly encampment from the public space known as Dilworth Plaza." (*Id*. ¶ 26.)

On the morning of November 30, 2011, police officers entered Dilworth Plaza, which had been vacated by the protestors. (*Id*. ¶ 21.) Officers tore down tents in Dilworth Plaza that had previously been occupied by protesters. (*Id*.) At this point, many of the protestors were gathered near the corner of 15th Street and Market Street. (*Id*.) Plaintiffs James Savage and T.J. Ghose were unlawfully arrested by Defendant officers while protesting in that area. (*Id*. ¶ 22.)

A large group of protestors then began to march through Center City, followed by a "massive contingent" of Philadelphia police officers on foot, on bicycles, and in vehicles. (*Id*. ¶ 24.) When the protestors, including twenty-four of the Plaintiffs, reached the intersection of 15th Street and Hamilton Street, a large group of police officers surrounded them, blocking their movement. (*Id*. ¶ 25.) Following instructions from Commissioner Ramsey, Deputy Commissioner Bethel ordered that the protest be terminated. (*Id*. ¶ 28.) Captain Fisher then ordered the protestors, including Plaintiffs, to move from the street to the sidewalk, and he announced that protestors who did not comply with his order would be arrested. (*Id*. ¶ 29.) Plaintiffs, complying with Captain Fisher's order, moved from the street to the sidewalk. (*Id*.) Plaintiffs were then surrounded by Defendant officers on bicycles and "corralled against the wall

of a building," where they were unable to move. (*Id*.) Upon orders from Commissioner Ramsey, Deputy Commissioner Bethel, and Captain Fisher, Defendant officers then falsely arrested and handcuffed Plaintiffs. (*Id*. ¶¶ 30, 31.)

Plaintiffs were charged with the following misdemeanors: failure to disperse, obstructing the highway, and criminal conspiracy. (*Id*. ¶ 31.) They were held for over twenty-four hours in police custody and released on bail. (*Id*.) Plaintiffs were later acquitted of all charges. (*Id*. ¶ 36.) As a result of Defendants' actions, Plaintiffs suffered physical pain, substantial and potentially permanent physical injury, loss of liberty, anxiety, fear, mental harm, and financial loss. (*Id*. ¶ 35.)

Plaintiffs now bring fourteen claims against the police officer Defendants. The federal claims are retaliation in violation of the First Amendment, civil conspiracy, and excessive force, unreasonable search, assault, unlawful arrest, and malicious prosecution in violation of the Fourth Amendment. (*Id*. ¶¶ 37-44, 47-48, 51-52, 55-58, 61-62.) In addition, Plaintiffs bring state law claims, including battery, assault, false imprisonment, malicious prosecution, conspiracy, and negligent and intentional infliction of emotional distress. (*Id*. ¶¶ 45-46, 49-50, 53-54, 59-60, 63-68.) Plaintiffs seek to hold the City of Philadelphia liable under *Monell* for the constitutional violations by Defendant officers. (*Id*. ¶¶ 69-76.) *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). Plaintiffs seek compensatory and punitive damages, injunctive relief, and attorney's fees and costs. (Compl. ¶ 78.)

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-

moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id*. (holding that a pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a motion to dismiss for failure to state a claim. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court

can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief.[1] *Id*.

## III. DISCUSSION

Defendants argue that Plaintiffs' claims fail for the following reasons: (1) the Complaint describes only collective action by the six non-supervisor Defendants and does not specify each Defendant's independent role in the violations; (2) the Complaint "lumps" twenty-four of the twenty-six Plaintiffs "together generally by the collective reference, 'Plaintiffs,'" rather than alleging facts unique to each Plaintiff; (3) the Complaint does not allege personal involvement in the arrests by the Supervisor Defendants; and (4) the first five pages of the Complaint are conclusions of law that must be disregarded. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss [Defs.' Mem.] at 9-10.)[2]

The mere fact that the Complaint fails to identify each Plaintiff's and each Defendant's unique role is not fatal to Plaintiffs' claims. However, some of Plaintiffs' claims, by their nature, require more facts than the Complaint alleges about each Plaintiff's arrest and interactions with the police. In particular, Plaintiffs fail to provide sufficient facts to state claims for excessive force and unreasonable search.

---

[1] Plaintiffs cite *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Pls.' Answer to Defs.' Mot. to Dismiss at 8.) The Supreme Court has since said that this language "has earned its retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

[2] Defendants also ask the Court to dismiss the Complaint on the grounds that the twenty-six Plaintiffs should not have been joined. (Defs.' Mem. at 5.) Under Federal Rule of Civil Procedure 21, misjoinder of parties is not a ground for dismissing an action. While the Court may, on just terms, drop a party or sever a claim, *see* Fed. R. Civ. P. 21, the Court does not believe that severance is appropriate now.

### A. Excessive Force

When an "excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures.'" *Graham v. Connor*, 490 U.S. 386, 394 (1989). To state an excessive force claim, a plaintiff must show that a seizure occurred and that it was unreasonable. *Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005). Because Plaintiffs' arrests constituted seizures, the Court must decide whether the force used to effect those arrests was excessive, and thus unreasonable. *See Boyden v. Twp. of Upper Darby*, Civ. A. No. 13-5434, 2014 WL 1152149, at *5 (E.D. Pa. Mar. 24, 2014). Factors relevant to this analysis include the severity of the crime, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 396. Other relevant factors include the possibility that the suspect is violent or dangerous, the possibility that the suspect may be armed, the duration of the police officers' action, whether the action takes place in the context of effecting an arrest, whether the suspect is physically injured, and the number of persons with whom the police officers must contend at one time. *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007).

The situation here, as described by Plaintiffs, warranted only the use of minimal force by Defendants. The crimes with which Plaintiffs were charged—failure to disperse, obstructing the highway, and criminal conspiracy—were not serious, and nothing in the Complaint suggests that Plaintiffs posed a threat, were resisting arrest, or were armed. However, the Complaint does not allege facts reflecting even the use of minimal force. With respect to the arrests of Plaintiffs

Ghose and Savage, the Complaint simply states that "Defendant Officers intentionally acted to cause a harmful and/or offensive contact with Plaintiffs' person and such actions were the actual and proximate cause of Plaintiffs' harm." (Compl. ¶¶ 22, 44.) This conclusory language is not entitled to the assumption of truth. *See Morse*, 132 F.3d at 906. In addition, there are no facts reflecting that Defendants' contact with Plaintiffs exceeded the degree of contact necessary to arrest them. *See Graham*, 490 U.S. at 396 ("[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."). Indeed, the Complaint does not describe the contact at all.

With respect to the remaining twenty-four Plaintiffs, the Complaint also does not offer sufficient facts to state a plausible claim of excessive force. (*See* Compl. ¶¶ 25, 29, 31.) The only force alleged—threats to arrest Plaintiffs and restrictions on Plaintiffs' movement—are routine in the course of an arrest. *See Graham*, 490 U.S. at 396; *Christian v. Orr*, Civ. A. No. 08-2397, 2011 WL 710209, at *14 (E.D. Pa. Mar. 1, 2011) ("[O]fficers may use verbal shock and awe tactics, including harsh words and threats, as a legitimate means of deterring resistance."). Although Plaintiffs allege that they were arrested without probable cause, an unlawful arrest does not mean that excessive force was used. *See Snell v. City of York*, 564 F.3d 659, 672 (3d Cir. 2009). Therefore, Plaintiffs fail to allege facts supporting a plausible claim that Defendants used excessive force in arresting them.

### B. Unreasonable Search

The Fourth Amendment protects individuals from "unreasonable searches and seizures" of "their persons, houses, papers, and effects." U.S. Const. amend. IV. The Complaint alleges that "Defendant Officers conducted unlawful searches of Plaintiffs' persons." (Compl. ¶ 56.)

However, the Complaint does not state any facts about these searches, including how, why, and when they occurred. Therefore, Plaintiffs fail to state a claim that they were unlawfully searched.

### C. Leave to Amend

Plaintiffs request leave to file an Amended Complaint if the Court dismisses any counts. The Third Circuit has held that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236. The Court will grant Plaintiffs leave to amend so that they may offer facts to support their claims of excessive force and unreasonable search.

## IV. CONCLUSION

The Court dismisses Plaintiffs' claims of excessive force and unreasonable search without prejudice and grants Plaintiffs leave to amend the Complaint. An Order consistent with this Memorandum will be docketed separately.