# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL AUGUSTINE, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA et al. | : | NO. 13-6606 |
| Defendants | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Commissioner Charles Ramsey, Deputy Police Commissioner Kevin Bethel, Captain William Fisher, Police Officer Joseph Sposato, Police Officer Darryl Crawford, Police Officer Rhonda Smith, Detective Darrell Sampson, Police Officer Angel Ortiz, Police Officer Joseph Sisca and the City of Philadelphia (collectively, "Answering Defendants"), by and through the undersigned counsel, Craig M. Straw, Chief Deputy City Solicitor, hereby file their Answer and Affirmative Defenses to the Plaintiffs' Complaint, and aver as follows:

## INTRODUCTION

1. The allegations in this paragraph are introductory in nature and are not consistent with Federal Rule of Civil Procedure 8, and therefore require no response. To the extent a response is required, the allegations in this paragraph constitute conclusions of law.

2. The allegations in this paragraph are introductory in nature and are not consistent with Federal Rule of Civil Procedure 8, and therefore require no response. To the extent a response is required, the allegations in this paragraph constitute conclusions of law.

3. The allegations in this paragraph are introductory in nature and are not consistent with Federal Rule of Civil Procedure 8, and therefore require no response. To the extent a response is required, the allegations in this paragraph are denied, as nothing more than Plaintiffs' rhetoric, and require strict proof at trial.

4. The allegations in this paragraph are introductory in nature and are not consistent with Federal Rule of Civil Procedure 8, and therefore require no response. To the extent a response is required, the allegations in this paragraph are denied, as nothing more than Plaintiffs' rhetoric, and require strict proof at trial. In addition, allegations in this paragraph constitute conclusions of law to which no response is required.

## JURISDICTION

5. Admitted.

## PARTIES

6. The allegations in this paragraph pertain to parties other than Answering Defendants, and therefore require no response.

7. Admitted in part; Denied in part. It is admitted that Commissioner Charles Ramsey is and was at all time relevant to this Complaint Commissioner of the Philadelphia Police Department. The remaining allegations constitute conclusions of law to which no response is required.

8. Admitted in part; Denied in part. It is admitted that Deputy Commissioner Kevin Bethel is and was at all time relevant to this Complaint Deputy Commissioner of the Philadelphia Police Department. The remaining allegations constitute conclusions of law to which no response is required.

9. Admitted in part; Denied in part. It is admitted that Captain William Fisher is and was at all time relevant to this Complaint a Captain in the Philadelphia Police Department. The remaining allegations constitute conclusions of law to which no response is required.

10. Admitted in part; Denied in part. It is admitted that Police Officer Joseph Sposato is and was at all time relevant to this Complaint a member of the Philadelphia Police Department. The remaining allegations constitute conclusions of law to which no response is required.

11. Admitted in part; Denied in part. It is admitted that Police Officer Darryl Crawford is and was at all time relevant to this Complaint a member of the Philadelphia Police Department. The remaining allegations constitute conclusions of law to which no response is required.

12. Admitted in part; Denied in part. It is admitted that Police Officer Darrell Sampson is and was at all time relevant to this Complaint a member of the Philadelphia Police Department. The remaining allegations constitute conclusions of law to which no response is required.

13. Admitted in part; Denied in part. It is admitted that Police Officer angel Ortiz is and was at all time relevant to this Complaint a member of the Philadelphia Police Department. The remaining allegations constitute conclusions of law to which no response is required.

14. Admitted in part; Denied in part. It is admitted that Police Officer Joseph Sisca is and was at all time relevant to this Complaint a member of the Philadelphia Police

Department. The remaining allegations constitute conclusions of law to which no response is required.

15. Admitted in part; Denied in part. It is admitted that Police Officer Rhonda Smith is and was at all time relevant to this Complaint a member of the Philadelphia Police Department. The remaining allegations constitute conclusions of law to which no response is required.

16. Denied. Any and all allegations directed to John Does and/or Jane Does, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before Answering Defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

17. Admitted in part; Denied in part. It is admitted that the City of Philadelphia is a municipal corporation duly organized and operating under the rules and regulations set forth to them by the Commonwealth of Pennsylvania and the employer of individual Answering Defendants. The remaining allegations constitute conclusions of law to which no response is required.

**FACTUAL BACKGROUND**

18. The allegations in this paragraph are not consistent with Federal Rule of Civil Procedure 8(d)(1), and therefore Answering Defendants are unable to respond. In addition, the allegations in this paragraph constitute conclusions of law to which no is required. To the extent a response is required, the allegations in this paragraph are denied, as nothing more than Plaintiffs' rhetoric, and require strict proof at trial.

19. Denied as stated. The removal of Occupy Philadelphia from Dilworth Plaza occurred on November 30, 2011. When Plaintiffs obtained a permit to demonstrate at Dilworth Plaza, the permit explicitly stated that the permit would expire at the start of Dilworth Plaza construction. Prior to the removal, Plaintiffs were provided with notice of the start of Dilworth Plaza construction. Further, the Notice provided Plaintiffs with an opportunity to vacate the area and remove all personal belongings. The removal of Plaintiffs from Dilworth Plaza required cooperation from numerous City departments.

20. Admitted in part; Denied in part. It is admitted that in the early morning hours of November 30, 2011 a large number of police personnel were deployed to the area around Dilworth Plaza. It is denied that this deployment of police personnel served as a "blockade". In fact, the protesters stood on the highway at 1500 Market Street, blocking all pedestrian and vehicular traffic. As a result of Plaintiffs' actions, numerous arrests were made by the Philadelphia Police Department. All remaining allegations are denied. In addition, this paragraph contains allegations that constitute conclusions of law to which no response is required.

21. Denied as stated. In the early morning hours of November 30, 2011, Philadelphia Police discovered that Dilworth Plaza had been vacated by many individuals, who were then blocking all pedestrian and vehicular traffic at 1500 Market Street. Since Plaintiffs had been given prior notice to vacate and to remove all personal belongings, City personnel began dismantling and removing any remaining objects and articles from Dilworth Plaza.

22. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Plaintiffs Ghose, Savage

and Ludwig, along with three other individuals, were arrested after repeatedly refusing to disperse from the highway at 1500 Market Street.

23. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

24. Denied as stated. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24. The allegations are therefore denied and strict proof is demanded at the time of trial.

25. Denied as stated. At approximately 5:00 a.m. on November 30, 2011, a large group of Occupy protestors assembled at 15th and Hamilton Street blocking the highway, not allowing vehicular traffic through and causing a detour of public transportation routes.

26. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Plaintiffs were arrested based on their actions, which were in violation of the law.

27. Denied as stated. The march was halted due to the Plaintiffs' and other individuals' conduct.

28. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28. The allegations are therefore denied and strict proof is demanded at the time of trial.

29. Denied as stated. At approximately 5:00 a.m. on November 30, 2011, a large group of Occupy protestors assembled at 15th and Hamilton Street blocking the highway, not allowing vehicular traffic through and causing a detour of public transportation routes. A short time after the protestors assembled at 15th and Hamilton Street blocking the highway, Captain Fisher repeatedly warned the individuals to disperse and clear the highway. Despite Captain Fisher's repeated warnings, approximately 50 individuals continued to block the highway. As a result, these individuals were arrested for their unlawful conduct.

30. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Plaintiffs were arrested based on their actions, which were in violation of the law.

31. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Plaintiffs were arrested based on their actions, which were in violation of the law.

32. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

33. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

34. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

35. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

36. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 36. The allegations are therefore denied and strict proof is demanded at the time of trial.

### COUNT I

42 U.S.C. §1983: Retaliation Against Protected Speech and Assembly
<u>Against All Individual Defendants</u>

37. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 36 inclusive as though the same were set forth at length hereinafter.

38. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

39. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

40. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

41. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

42. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT II[1]

42 U.S.C. §1983: Excessive Force
Against All Individual Defendants

43.

44.

## COUNT III

Supplemental State Law Claim: Battery
Against All Individual Defendants

45. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 44 inclusive as though the same were set forth at length hereinafter.

46. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

---

[1] By Order of Court dated May 20, 2014, Plaintiffs' claims of Excessive Force were dismissed. As a result of the dismissal of these claims, Answering Defendants will not be responding to paragraphs 43 and 44.

## COUNT IV

### 42 U.S.C. §1983: Excessive Force
### Against All Individual Defendants

47. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 46 inclusive as though the same were set forth at length hereinafter.

48. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT V

### Supplemental State Law Claim: Assault
### Against All Individual Defendants

49. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 48 inclusive as though the same were set forth at length hereinafter.

50. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT VI

### 42 U.S.C. §1983: Unlawful Arrest
### Against All Individual Defendants

51. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 50 inclusive as though the same were set forth at length hereinafter.

52. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT VII

### Supplemental State Law Claim: False Imprisonment
### Against All Individual Defendants

53. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 52 inclusive as though the same were set forth at length hereinafter.

54. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT VIII[2]

### 42 U.S.C. §1983: Unjustified Search
### Against All Individual Defendants

55.

56.

## COUNT IX

### 42 U.S.C. §1983: Malicious Prosecution
### Against All Individual Defendants

57. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 56 inclusive as though the same were set forth at length hereinafter.

58. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

---

[2] By Order of Court dated May 20, 2014, Plaintiffs' claims of Unjustified Search were dismissed. As a result of the dismissal of these claims, Answering Defendants will not be responding to paragraphs 55 and 56.

## COUNT X

### Supplemental State Law Claim: Malicious Prosecution
### Against All Individual Defendants

59. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 58 inclusive as though the same were set forth at length hereinafter.

60. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT XI

### 42 U.S.C. §1983: Conspiracy
### Against All Individual Defendants

61. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 60 inclusive as though the same were set forth at length hereinafter.

62. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT XII

### Supplemental State Law Claim: Conspiracy
### Against All Individual Defendants

63. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 62 inclusive as though the same were set forth at length hereinafter.

64. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT XIII

Supplemental State Law Claim: Intentional Infliction of Emotional Distress
<u>Against All Individual Defendants</u>

65. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 64 inclusive as though the same were set forth at length hereinafter.

66. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT XIV

Supplemental State Law Claim: Negligent Infliction of Emotional Distress
<u>Against All Individual Defendants</u>

67. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 66 inclusive as though the same were set forth at length hereinafter.

68. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT XV

42 U.S.C. §1983: Monell
<u>Against Defendant City of Philadelphia</u>

69. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 68 inclusive as though the same were set forth at length hereinafter.

70. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

71. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

72. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

73. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

74. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

75. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

76. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**DAMAGES**

77. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 76 inclusive as though the same were set forth at length hereinafter.

78. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE**, Answering Defendants deny that they are liable on the causes of action declared upon and demands judgment in their favor, plus interest and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Answering Defendants assert all the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act," and aver that plaintiffs' remedies are limited exclusively thereto. Act of Oct. 5, 1980, No. 142, P.L. 693, 42 Pa C.S.A. § 8541 et. seq.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants are immune from liability under the doctrine of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant did not deprive the Plaintiffs of any rights owing to them under the laws of the United States of America or the Commonwealth of Pennsylvania.

### FOURTH AFFIRMATIVE DEFENSE

It is further averred that if Plaintiffs sustained injuries and damages as alleged in the Complaint, it was due solely to the fact that Plaintiffs violated Federal Statutes, State Statutes and/or city ordinances.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim under 42 U.S.C. Section 1983 upon which relief can be granted as the same relates to the answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendant City of Philadelphia is immune from the imposition of punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants assert all of the defenses available to them under 18 Pa.C.S.A. §508 et seq..

**WHEREFORE**, Answering Defendants deny that they are liable upon any and all of the causes of action declared upon, and demands judgment in their favor plus interests and costs.

City of Philadelphia Law Department

\_CS963_____
Craig M. Straw
Chief Deputy City Solicitor
Attorney ID # 78212
Law Department-Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
DATED:     July 16, 2014          (215) 683-5442

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL AUGUSTINE, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA et al. | : | NO. 13-6606 |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a copy of the Answer with Affirmative Defenses of Defendants to be filed electronically and is available for viewing and downloading from the ECF System of the U.S. District Court for the Eastern District of Pennsylvania.

By: ___CS963_____
Craig M. Straw
Chief Deputy City Solicitor
Law Department-Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

DATED: July 16, 2014