**PAUL J. HETZNECKER, ESQUIRE**
**1420 Walnut Street, Suite 911**
**Philadelphia, PA 19102**                                    **Attorneys for Plaintiffs**
**(215) 893-9640**

**LAWRENCE S. KRASNER, ESQUIRE**
**LLOYD LONG, ESQUIRE**
**Krasner & Long, LLC**
**1221 Locust Street, Suite 301**
**Philadelphia, PA 19107**

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
## OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOEL AUGUSTINE, et al** | : | |
| **PLAINTIFFS** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 13-CV-06606** |
| **POLICE COMMISSIONER RAMSEY, et al** | : | |
| **DEFENDANTS** | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2015, upon

consideration of Plaintiffs' Motion to Compel Responses to Plaintiffs' Requests for Production,

and any response thereto, it is hereby ORDERED and DECREED that:

1.      Said Motion is GRANTED and that Defendants shall respond within five (5) days

of the date of this Order with full and complete responses.

2.      No document or other responsive item shall be moved or removed from its

current location at the time of signing of this Order by any party or entity, including but not

limited to the FBI.

3.      The defense shall seek and provide forthwith any non-disclosure agreement or

similar document that in any way relates to cell site simulators and/or Stingray technology,

and/or any/all other technology and products of the Harris Corporation as well as those which

relate in any way to any other document requested by Plaintiff.  This includes similar

agreements reached between the City of Philadelphia and other law enforcement and

intelligence agencies.

4.      Regardless of the substance of any document responsive to Paragraph 3 of this Order above, the Defendants shall comply with all constitutional requirements, all laws, the Federal Rules of Civil Procedure, all court orders, and all ethical rules without delay and without awaiting written permission from any other entity.

5.      The materials sought by Plaintiffs through propounded discovery and this Motion to Compel are material and necessary to the prosecution of their case against Defendants.

6.      The Defendants shall seek and provide all responsive documents pursuant to the Plaintiffs' Request for Production of Documents forthwith, from officials at the highest levels of all of the following governmental entities (and their sub-parts and entities in which they participate) that may have knowledge of, or may have ever been in possession of responsive documents, including but not limited to all the Defendants, and all entities with which the Defendants have collaborated in any way in relation to the Occupy Movement or members of the Occupy Movement.  These entities shall include Mayor's Office for the City of Philadelphia, Philadelphia Police Department, Philadelphia District Attorney's Office, U.S. Attorney's Office for the EDPA, FBI Philadelphia Division, Delaware Valley Intelligence Center (otherwise known as the Fusion Center), Pennsylvania State Police, Pennsylvania Attorney General's Office, and the local offices of Homeland Security, NSA, DOD, and CIA.

7.      Failure to comply with any provisions of this order will result in sanctions.

BY THE COURT:

_____

BERLE M. SCHILLER,   J.

**PAUL J. HETZNECKER, ESQUIRE**
**1420 Walnut Street, Suite 911**
**Philadelphia, PA 19102**                                   **Attorneys for Plaintiffs**
**(215) 893-9640**

**LAWRENCE S. KRASNER, ESQUIRE**
**LLOYD LONG, ESQUIRE**
**Krasner & Long, LLC**
**1221 Locust Street, Suite 301**
**Philadelphia, PA 19107**

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOEL AUGUSTINE, et al** | : | |
| | : | |
| **PLAINTIFFS** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| | : | **NO. 13-CV-06606** |
| **v.** | : | |
| | : | |
| **POLICE COMMISSIONER RAMSEY, et al** | : | |
| | : | |
| **DEFENDANTS** | : | |

### NOTICE OF HEARING

AND NOW, this            day of                      2015, it is hereby

ORDERED that a hearing be held on the attached motion on the            day of

2015 at            a.m./p.m. in courtroom        .

BY THE COURT:

_____
Hon. Berle M. Schiller
U.S. District Court

**PAUL J. HETZNECKER, ESQUIRE**
**1420 Walnut Street, Suite 911**
**Philadelphia, PA 19102**                         **Attorneys for Plaintiffs**
**(215) 893-9640**

**LAWRENCE S. KRASNER, ESQUIRE**
**LLOYD LONG, ESQUIRE**
**Krasner & Long, LLC**
**1221 Locust Street, Suite 301**
**Philadelphia, PA 19107**

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOEL AUGUSTINE, et al** | : | |
| **PLAINTIFFS** | : | **CIVIL ACTION** |
| | : | **NO. 13-CV-06606** |
| **v.** | : | |
| | : | |
| **POLICE COMMISSIONER RAMSEY, et al** | : | |
| **DEFENDANTS** | : | |

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**AND NOW** comes Plaintiff, Noel Augustine, et al., to move this Honorable

Court to enter an Order to Compel Production of Documents Responsive to Requests

for Production of Documents, and in support thereof, avers the following:

1.      On November 15, 2013, the Complaint in the above-captioned matter

was filed against the City of Philadelphia and several named and unnamed Defendants.

The Complaint alleges that, during the Occupy movement's activity in Philadelphia, the

Defendants inflicted civil rights violations against twenty-seven (27) Plaintiffs who were

engaging in constitutionally protected speech and assembly in compliance with police

orders when they were arrested.

- 1 -

2.      Federal Rules of Civil Procedure, Rule 26(b)(1) provides for liberal discovery. Specifically, Rule 26(b)(1) states:

> "(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

3.      Over the past three and a half years there have been numerous reports that participants in the Occupy movement were the subject of surveillance by federal law enforcement and intelligence agencies.

4.      Multiple news reports indicate that municipal police departments coordinated their surveillance efforts with various state and federal law enforcement agencies.  This coordinated effort, upon information and belief, included sharing information about the Philly Occupy movement.

5.       On August 22, 2014 the Plaintiffs served a Request for Production of Documents on the Defendant City of Philadelphia. (Exhibit "A") The disclosures requested encompassed the City of Philadelphia Police Department, as well as the Mayor's Office.  The Request for Production of Documents covered all the coordinated activities, communications and programs jointly undertaken by all City agencies, in conjunction with state and federal law enforcement, as well as intelligence agencies.

(Exhibit A, p. 2) There are over forty (40) separate document categories requested, as well as other items.

6.      As set forth in the Request for Production of Documents, in addition to documents prepared by the Philadelphia Police, as well as the City of Philadelphia for internal use, the request included information gathered in conjunction with federal agencies and their use of the U.S. Patriot Act, as well as specific surveillance programs run by the FBI.   The request was for any and all information and documents related to the Philadelphia Police Department's cooperation with the FBI's Joint Terrorism Task Force.  This includes requests for information related to the FBI's PRISM surveillance program, eGuardian, and the Digital Collection System, previously known as Carnivore.  The request also included any information shared with the National Security Agency's Presidential Surveillance Program, including the ECHELON Program, as well as the Shell Trumpet Program.  Additionally, requests were made for any information shared with the Defense Department's Terrorism Information Awareness Program.   Furthermore, the Plaintiffs' made a specific request for any information related to the surveillance program identified as "Stingray," "Triggerfish," "Kingfish," and "Hailstorm," among other names, or any other similar cell site stimulators used by the Philadelphia Police Department or any other law enforcement agency conducting surveillance of the Occupy Movement.  [Exhibit "A", p. 3(f)]

7.      This product, or device similar to this product and software, is produced and/or supplied by the Harris Corporation.

8.      The technology is highly controversial because of the far reaching capability it has to provide GPS information and identity information, violate the protections of the Fourth Amendment, access the contents of communication, and according to some sources, all current and historical data, call logs, email, photographs, contact information, memos, etc., contained in a targeted cell phone, and can do so for all cell phones in proximity to the technology, with, or without, obtaining a warrant from a judicial authority.

9.      The City has provided numerous internal documents, and are presently attempting to obtain emails from the Mayor's Office as well as the Philadelphia Police Department which are currently archived with an independent contractor.  However, as set forth above, much of the information requested regarding communication with federal law enforcement and intelligence agencies regarding the Occupy Movement, with the exception of some emails between the Philadelphia Police Department and the Fusion Center, have not been disclosed.

10.      Recently, the Plaintiffs have discovered that the FBI has executed non-disclosure agreements with local law enforcement in two separate municipalities.  These agreement require local law enforcement to circumvent available legal remedies in order to avoid disclosure, including court orders, absent prior written approval by the FBI.  Two of these agreements released during litigation in other matters, were executed during 2011 and 2012 (the relevant time period to this case).  These agreements between the FBI and the City of Baltimore and Erie County, NY are attached as Exhibit "B".

11.     It is inconceivable that the Defendant, City of Philadelphia would not have been using the same, or similar technology, under the same, or similar non-disclosure agreement, given Philadelphia's size and national importance.

12.     Upon information and belief, Plaintiffs assert that law enforcement routinely employed such technology during the Occupy movement in cities throughout the country, including Philadelphia.

13.     Plaintiffs have reason to believe that this technology was integral in the efforts of law enforcement to violate their civil rights.

14.     The recent revelation regarding the non-disclosure agreements between the FBI, the City of Baltimore and Erie County, New York, supports the Plaintiffs' contention that the Defendants have failed to disclose more than just the information regarding the "Stingray" program.  This raises grave concerns regarding all of the Plaintiffs' requests, as this was specifically requested in the Plaintiffs' Request for Production of Documents served on the Defendants on August 22, 2014. [Exhibit A, paragraph 3(f)]

15.     After months of delay from the Defendants, there has been absolutely no information regarding this, or any other surveillance programs utilized by federal law enforcement and the Philadelphia Police Department.

16.     To underscore the efforts made by the Plaintiffs to assist the efforts of counsel for the Defendants, on October 15, 2014, a discovery letter was served upon counsel for the Defendants providing possible sources of information in order to access the documents requested.  (Exhibit "C")

17.     On November 26, 2014, a follow-up letter was served upon counsel for the Defendants, providing further assistance in defense counsel's efforts to secure the information requested by the Plaintiffs. (Exhibit "D")

18.     As stated above, while documents have been provided by the Defendants they have failed to provide the many of the requested items, in violation of the deadlines imposed pursuant to Fed. R. Civ. Pro., Rule 34.

19.     Upon information and belief, the Plaintiffs assert that the Defendant, City of Philadelphia, collaborated with federal law enforcement under a non-disclosure agreement, which the Plaintiffs assert is not constitutional.

20.     Upon information and belief, the Plaintiffs express grave concerns that the terms of the non-disclosure agreements reached between the FBI, City of Baltimore and Erie County, New York, are designed to prevent local law enforcement from releasing the precise information the Plaintiffs seek to obtain in this case.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court grant this Motion to Compel Production of Documents and enter the attached proposed Order.

Respectfully submitted,


Date: May 26, 2015                    By:    /s/ Paul J. Hetznecker, Esquire
                                             Paul J. Hetznecker, Esquire

                                             /s/ Lawrence S. Krasner, Esquire
                                             Lawrence S. Krasner, Esquire

                                             /s/ Lloyd Long III
                                             Lloyd Long III, Esq.
                                             Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I, Paul J. Hetznecker, Esquire, hereby certify that a copy of the Joint Motion to Extend the Deadline for Discovery was sent via First Class Mail to the following individuals:

Matthew Kevin Hubbard, Esquire
Senior Attorney
City of Philadelphia Law Department
One Parkway
1515 Arch St., 15th Floor
Philadelphia, PA 19102-1595

Niya Blackwell, Esquire
Deputy City Solicitor
City of Philadelphia Law Department
One Parkway
1515 Arch St., 15th Floor
Philadelphia, PA 19102-1595

<u>/s/ Paul J. Hetznecker, Esquire</u>
PAUL J. HETZNECKER, ESQUIRE
Attorney for the Plaintiffs

DATE:        <u>May 26, 2015</u>